## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kimberly and Jared Burke, | : |
| | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Allied Interstate, Inc., | : |
| | : |
| | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiffs, Kimberly and Jared Burke, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.     Plaintiffs, Kimberly and Jared Burke (hereafter "Plaintiff"), are each an adult individual residing at 12 Johnson Road, Saugus, Massachusetts 01906, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Allied Interstate, Inc. (hereafter "Defendant"), is a foreign corporation with a principal place of business located at 800 Interchange West, 435 Ford Road, Minneapolis, Minnesota 55426, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiffs incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiffs.

8.      The Defendant then began attempts to collect this debt from the Plaintiffs, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Defendant began contacting Jared Burke by repeatedly calling and harassing him.

10.      After having knowledge of the Plaintiffs location and after having contacted them on several occasions, the Defendant began contacting Jared Burke's grandmother, Hazel Hardigan.

11.      The Defendant told Ms. Hardigan that her grandson would be sent to jail if they did not receive payment.

12.      Ms. Hardigan became extremely agitated and frequently called her grandson crying, fearful that he would be arrested and sent to jail unless the debt was paid.

2

13.    The Plaintiffs repeatedly asked the Defendant to cease contacting Ms. Hardigan.

14.    The Defendant informed the Plaintiffs that Ms. Hardigan would be contacted "every day" until the debt was paid.

15.    The Defendant repeatedly calls Ms. Hardigan on a daily basis in an attempt to collect the Plaintiffs' debt and calls the Plaintiffs at least once per week.

16.    The Defendant failed to send the Plaintiffs a validation notice.

17.    The Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

18.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.    The Defendant contacted third parties and failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

20.    The Defendant informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt, in violation of 15 U.S.C. § 1692b(2).

21.    The Defendant contacted third parties in regards to the Plaintiffs' debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

22.    The Defendant communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

23.    The Defendant threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

24.    The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

25.    The Defendant caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26.    The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

27.    The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

28.    The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

29.    The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

30.    The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

31.    The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

32.    The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

4

33.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.     The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*

35.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     The Defendant employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

37.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiffs are entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

5

41.     Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing Plaintiffs with frequent telephone calls several times per day and by disclosing information about the debt to third parties.

42.     The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

43.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44.     As a result of the intrusions and invasions, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

45.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

6

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 11, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiffs
B.B.O. No. 650671